E-FILED
Friday, 02 December, 2011  10:29:02 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ILLINI HOSPITALITY, LLC DB/A ) HILTON GARDEN INN ) ) Defendant ) | CIVIL ACTION NO. 2:11-cv-02231<br><br>Chief Judge Michael P. McCuskey<br><br>Magistrate Judge David G. Bernthal |

# CONSENT DECREE

## THE LITIGATION

1.  Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action alleging that Defendant Illini Hospitality, LLC d/b/a Hilton Garden Inn ("Illini") violated Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112, and Title I of the Civil Rights Act of 1991, by transferring and demoting Christopher Tyndall ("Tyndall") because of his disability, epilepsy.

2.  In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC.

3.  Nothing in this Decree constitutes an admission by any party as to the claims and/or defenses of the other party.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

   a. This Court has jurisdiction over the subject matter of this action and of the parties.

   b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Defendant, Tyndall, and the public interest are adequately protected by this Decree.

   c. This Decree complies with the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

**RELIEF: NON-DISCRIMINATION AND NON-RETALIATION**

5. Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert with it, are permanently enjoined from: (a) engaging in any employment practice that discriminates on the basis of disability; and (b) engaging in or being a party to any action, policy, or practice that is intended to or is known to them to have the effect of discriminating against disabled employees or applicants.

6. Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert with it, are permanently enjoined from engaging in any form

of retaliation against any person because such person has opposed any practice made unlawful under the ADA, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## MONETARY RELIEF

7.  Defendant shall pay monetary relief totaling $10,000.00 in the form of damages to Christopher Tyndall, for which Defendant shall issue an IRS form 1099.

8.  EEOC will mail a copy of the Release Agreement (attached hereto as Exhibit A) to Tyndall. Tyndall must execute and return the Release Agreement to EEOC. EEOC will send to Defendant the executed Release Agreement when it receives it from Tyndall.

9.  Within ten (10) business days after receipt by Defendant of a signed Release Agreement, Defendant shall issue and send by certified mail: 1) a cashier's check for in the amount set forth above in ¶ 7 to Tyndall at the address on the Release Agreement. Defendant will also send a copy of Tyndall's check to EEOC.

## POSTING OF NOTICE

10. Within ten (10) business days following entry of this Decree, Defendant shall post copies of the Notice (attached hereto as Exhibit B) to this Decree at its Champaign, Illinois location at 1501 S. Neil Street. Defendant shall post this Notice on the bulletin board(s) usually used by Defendant for communicating with its employees. The Notice shall remain posted for one (1) year from the

date of entry of this Decree. Defendant shall take all reasonable steps to ensure that the postings are not altered, defaced, or covered by any other material. Defendant shall certify to EEOC in writing within ten (10) business days after entry of the Decree that the Notice required under this Decree has been properly posted. Defendant shall permit a representative of EEOC to enter the Defendant's premises for purposes of verifying compliance with this paragraph at any time during normal business hours without prior notice.

## RECORD KEEPING

11. Defendant shall maintain and make available for inspection and copying by EEOC records (including names, social security numbers, addresses, and telephone numbers) of each employee or applicant at its Champaign, Illinois location at 1501 S. Neil Street who complains of disability discrimination for a period of one (1) year. Defendant shall maintain such records whether or not any such complaint is made formally or informally, orally or in writing. Such records shall include, but not be limited to, the following: (1) the name of the individual who complained of discrimination; (2) the date of the complaint; (3) the nature of the alleged complaint; (4) the name(s) of any witnesses; (5) what actions, if any, were taken to resolve the complaint; and (6) the resolution of the complaint.

12. Defendant shall make all documents or records referred to in ¶ 11 above available for inspection and copying within ten (10) business days after EEOC so requests. In addition, Defendant shall require personnel within their respective employ, whom EEOC reasonably requests for purposes of verifying

compliance with this Decree, to cooperate with EEOC and to be interviewed.

## REPORTING

13. Defendant shall furnish to EEOC the following written reports semi-annually for a period of one (1) year following entry of this Decree. The first report shall be due seven (7) months after entry of the Decree. The final report shall be due eleven (11) months after entry of the Decree. Each report shall contain:

    (a)  A summary of the information recorded pursuant to ¶ 11; and

    (b)  A certification that the Notice required to be posted in ¶ 10, above, remained posted during the entire six (6) month period preceding the issuance of the report.

## TRAINING

14. During the one (1) year covered by this Decree, all human resources and management employees of Defendant shall participate in one training session by a trainer paid for by Defendant regarding disability discrimination (including, but not limited to Defendant's duty to provide reasonable accommodation to its disabled employees), retaliation, and Defendant's policies regarding such discrimination and retaliation.

15. Defendant shall obtain EEOC's approval of its proposed trainer(s) prior to the training session. Defendant shall submit the name(s), address(es), telephone number(s), resume(s), and training proposal(s) of the proposed trainer(s), including all proposed training materials, to EEOC at least fifteen (15) business days prior to the proposed date(s) of the training(s). EEOC shall have five (5) business days from the date of receipt of the information described

above to accept or reject the proposed trainer(s). In the event EEOC does not approve Defendant's designated trainer(s), Defendant shall have ten (10) business days to identify an alternate trainer. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot through this process agree on a trainer, then they may seek the Court's assistance under ¶ 18.

16. Defendant shall certify to EEOC in writing within five (5) business days after a training has occurred that the training took place and that the required personnel attended. Such certification shall include: (i) the date, location, and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name, position, and employer of each person in attendance.

17. Defendant shall also provide to EEOC any and all copies of pamphlets, brochures, outlines, or other written material(s) provided to the participants of the training session.

## DISPUTE RESOLUTION

18. In the event that any party to this Decree believes that another party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other parties of the alleged non-compliance and shall afford the alleged non-complying party or parties ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party or parties did comply. If the alleged non-complying party has not or the parties have not remedied the alleged non-compliance or satisfied the complaining party that it has or that they have complied within ten (10)

business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

19. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of one (1) year immediately following entry of the Decree, provided, however, that if, at the end of the one (1) year period, any disputes under ¶ 18 remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## POLICY

20. Defendant will provide a written disability accommodation policy to all current employees within sixty days of entry of this Decree, and to individuals hired during the duration of this Decree, within five days of their hire.

## MISCELLANEOUS PROVISIONS

21. Each party to this Decree shall bear its own expenses, attorney's fees, and costs.

22. During the term the Court retains jurisdiction over this matter the terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors, and assigns of Defendant. Defendant and any successor(s) of Defendant shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition

or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

23. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

24. When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant.

25. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to EEOC, they shall be e-mailed to laura.feldman@eeoc.gov and mailed to: Illini Hospitality Settlement, Equal Employment Opportunity Commission, c/o Laura R. Feldman, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661. When this Decree requires submission by EEOC of materials to Defendant, they shall be mailed to: Everett E. Nicholas, Jr., Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., 132 South Water Street, Suite 420, Decatur, IL 62523-1332.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*John C. Hendrickson/DIS*
John C. Hendrickson
ARDC # 1187589
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8099
E-Mail: john.hendrickson@EEOC.gov

*Diane I. Smason*
Diane I. Smason
ARDC # 6626130
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8120
E-Mail: diane.smason@EEOC.gov

*Laura R. Feldman*
Laura R. Feldman
ARDC # 6296356
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8098
E-Mail: laura.feldman@EEOC.gov

FOR DEFENDANT ILLINI HOSPITALITY,
LLC D/B/A HILTON GARDEN INN

_____
Everett E. Nicholas, Jr.
Attorney for Defendant
Robbins, Schwartz, Nicholas, Lifton &
Taylor, Ltd.
132 South Water Street, Suite 420
Decatur, IL 62523-1332
Telephone: 217-428-2100
E-Mail: enicholas@rsnlt.com


ENTER: December 2, 2011


s/ Michael P. McCuskey
_____
The Honorable Michael P. McCuskey
United States District Judge

**EXHIBIT A**

## RELEASE AGREEMENT

In consideration for $10,000 paid to me by Illini Hospitality, LLC d/b/a Hilton Garden Inn, in connection with the resolution of EEOC v. Illini Hospitality, LLC d/b/a Hilton Garden Inn, Civil Action No. 2:11-cv-02231 (C.D. Ill.), I waive my right to recover for any claims of discrimination under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, that I had against Illini Hospitality, LLC d/b/a Hilton Garden Inn prior to the date of this release and that were included in the claims alleged in EEOC's complaint in EEOC v. Illini Hospitality, LLC d/b/a Hilton Garden Inn, Civil Action No. 2:11-cv-02231.

_____   _____
Date                                                                Christopher Tyndall
                                                                              15 1/2 E University Avenue Apt 5
                                                                              Champaign, Illinois 61820

**EXHIBIT B**

## NOTICE TO ALL EMPLOYEES OF ILLINI HOSPITALITY, LLC AND HILTON GARDEN INN

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Illini Hospitality, LLC d/b/a Hilton Garden Inn, Civil Action No. 2:11-cv-02231, resolving a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC") against Illini Hospitality, LLC d/b/a Hilton Garden Inn.

In its suit, EEOC alleged that Illini Hospitality, LLC d/b/a Hilton Garden Inn violated the Americans with Disabilities Act ("ADA") by discriminating against an employee with epilepsy when it transferred and demoted him because of his disability.

Illini Hospitality, LLC, d/b/a/ Hilton Garden Inn wanted to resolve this matter without filing an Answer but states that if an Answer were filed, it would deny the allegations in the Complaint.

To resolve the case, Illini Hospitality, LLC d/b/a Hilton Garden Inn and EEOC have entered into a Consent Decree which provides, among other things, that:

1) Illini Hospitality, LLC d/b/a Hilton Garden Inn will make a monetary payment the Charging Party;
2) Defendant is prohibited from discriminating against employees or applicants with disabilities; and
3) Defendant is prohibited from retaliating against any person because (s)he opposed any practice made unlawful by the ADA, filed an ADA charge of discrimination, participated in any ADA proceeding, or asserted any rights under the Consent Decree.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (312) 869-8010. EEOC charges no fees and has a TTD number.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted for one year from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Illini Hospitality Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661.

| | |
|---|---|
| December 2, 2011 | s/ Michael P. McCuskey |
| Date | The Honorable Michael P. McCuskey |
| | United States District Court |